Good morning, Your Honors. May it please the Court, Cynthia Hahn for Appellant Raymond Luna. And I'm sorry to take your time to get some water, but I have two in a row. That's all right. No, do whatever you need to do. We don't want to make you start before you're ready. Okay. I think the biggest problem here is that the federal district court judge didn't understand how California law works. At Luna's sentencing, he said, you know, I think the California court judge sentenced him to California youth authority. Then he went, oh, gee, I can't do that. So that's why he brought Luna back and resentenced him and put him on probation. Parole, excuse me. But that's not the way California law works. The California court had authority under 1731, California Welfare and Institutions Code 1731 and 1731.5. It was in their discretion for somebody who was a minor to sentence him to California youth authority. So the district court judge was wrong in thinking that the California court judge did not have the authority to sentence Mr. Luna to the California youth authority. But I'm not sure that's what the I'm not sure that's what the superior court judge did in the first instance. As I read the transcript of that initial proceeding, the initial sentencing, it looked to me as though he sentenced him to prison, but with the time to actually to be served, to be sort of in residence with the youth authority. And that the Superior Court judge treated this as a felony, treated it as a state prison sentence, which the Superior Court judge clearly had authority to do. But you're saying he didn't do that. No, no, I'm saying that the federal district court said he didn't have the authority to do that, which was wrong. But then what happened 100 days later, and that's under California Welfare and Institutions Code 1737, he was brought back. He had a different attorney. All it says was there was a previous conflict. We don't know what it was. But he had a different attorney. He was brought back in front of the same judge. The same judge gave him 120 days, which added to 363 days, I believe. My math may be a little off, but I know it was less than a year. And then put him on parole, which he successfully completed. Well, let me ask about 1737. It refers to a diagnostic study that warrants revocation of a juvenile's commitment to the California Youth Authority. Here we have to determine whether he was simply to serve his time there. The humaneness of the judge did not want him to serve his time in prison. As the judge said, this is a felony. He didn't say I'm referring you, I'm committing you to the California Youth Authority. Then if he were to put him on parole from the California Youth Authority, living in California, not that I've been through the system, but my understanding is that the juvenile court judge then forms a diagnostic study and says this is time to release him. Was a diagnostic study performed in this case which would indicate that he had committed him to the CYA as opposed to simply having him serve time? The first time or the second time? First time. No, when he brought him back. When he brought him back. Before he, quote, paroled him, was a diagnostic study performed? If you, before I forget, I want to reserve two minutes. So I'm watching my clock. Okay. First, if you look at California Welfare and Institution Code 1737, the person in the California Youth Authority on his own motion can bring this. It doesn't have to be the judge. It doesn't have to be the CYA. If you don't mind my abbreviating it for easiness. So you may. But what it says there is if it's done within 120 days, and this was 100 days, if it is done, and it's an operational law statute, what happens is if it's done within 120 days and the man gets less than, the juvenile gets less than a year, it's the resentencing as if he or she had not previously been sentenced. In other words, the first sentencing for all purposes is erased. And that's how 1737 operates. And that's kind of backed up by Penal Code 17C, where it says if you go through the California Youth Authority and complete your parole, then for all purposes it becomes a misdemeanor. So there's two statutes in California that successful completion of CYA, convert your sentence, whatever originally it was, is a misdemeanor. But under 1737, it erases that first sentencing entirely. You might as well just throw it out because it doesn't exist anymore. Even though the judge says this is a felony? It doesn't matter what he said the first time. He didn't say it the second time. So then he treated it like a wobbler and then went down? Treated it like a wobbler. We don't know. All we have is the court docket sheet from California, the superior court docket sheet from Los Angeles. And it doesn't say why he did it. It would just be speculation on my part, but I'm assuming something to do with the conflict in attorneys may have had something to do with it. Maybe he did really well in signing it. Can I interrupt? Sure. I don't think I heard an answer to Judge Nelson's question. 1737 provides that in the event that there is a diagnostic study and recommendation approved by the director, then the judge who approved the commitment within 120 days and so on. Was there a diagnostic study and recommendation approved by the director? That I do not know, but 1737 also allows. You do not know this. Is there anything in the record that would show that there is such a thing? No, Your Honor. There's nothing about a diagnostic study. And have you looked for this diagnostic study? We don't have it. No, I asked a different question. Have you looked to see if there was such a thing? No, Your Honor. Anyway, it wasn't in the record below, so I certainly couldn't introduce it now even if there had been one. And were you the attorney below? No, I was not. Okay. So, but it says on their own motion. That's, I think, is a key, that the defendant or, in this case, the committee to the CYA on their own authority, on their own motion, can bring this back to the court. The court could have turned it down, but it didn't, and it gave him 120 days. It's preceded by saying if it is deemed warranted by a diagnostic study. There must have been one or else the court wouldn't have accepted the petition for the resentencing. I mean, that's basically what it was, is they went to the court and said, well, I want to be resentenced, and the court accepted it. So I don't think after what he said after the first sentencing, that he would have done it without some recommendation there. It's just, I can't imagine that he cooled off in 100 days, the judge who sentenced him initially. It's the same judge. And he went ahead and the thing is, he gave him 120 days, which is exactly what is required under 1737, within 120 days. And the judge gave him 120 days, even though he only served 100. I think he was complying to the letter of the law at 1737 is what he was doing. And so what you have is a misdemeanor for all purposes. Under 17C also of the penal code, it's a misdemeanor for all purposes. Okay. Do you want to reserve the rest of your time and we'll hear what the other side has to say? Fine. Thank you. Good morning. May it please the Court. I'm Ron Reshoff from the U.S. Attorney's Office in Reno. The interesting thing in my mind about this appeal is it was never raised below this particular issue. The only issue below was whether or not the felony was a 14-level increase or a 20-level increase. And although Ms. Hahn was not the attorney below, one of the attorneys in her office was. I'm unaware of whether or not there was a diagnostic study or not, but it appears everything from reading this record that the superior court judge in California treated this case as a felony and as an act of leniency allowed an adult felon to serve their time in the California Youth Authority. There was not a resentencing per se. The individual was brought back into court and given credit for some more time and then placed on parole. Almost by definition, you can't be paroled from a misdemeanor. But everything that is in this record indicates that that was a felony. It was treated as a felony. It was understood to be a felony. The superior court judge told the defendant, if you violate, you can get more time in prison. And he ran through an entire litany. This was all covered by Judge Reed below on the record, never objected to by appellant's counsel below. The only issue being was that underlying felony a crime of violence for sentencing enhancement. Based upon that, I would submit, the judge below properly decided it. And unless there are any questions, I would submit it. I have a question about whether or not this case is affected by Booker, the Booker and Fontan cases, which would require us to remand for resentencing. I walked in here knowing you were going to ask me that question, especially in the light of Ameline that came out last week which said it will be a rare case indeed, does not remanded for resentencing. I think that's, I'm going to, with permission of the court, I want to waffle a little bit and put it back. In your lap, so to speak, I think that the sentence is reasonable, but the test of reasonableness was established by Booker. Theoretically, every case might go back because every judge was sentencing under the belief that these sentencing guidelines were mandatory with certain discretion. And now since they're not mandatory, perhaps there's error. That's a call the court's going to have to make. My position would be that if the sentence appears reasonable and the guidelines are inherently reasonable because they take the wisdom of 17, 18, 19 years of sentencing for offenses across the country in order to try to reach something that is fair and equitable, and since the guidelines did allow a judge to depart downward in the appropriate case, that not every case should be remanded. So I don't think it's necessary to remand. I think this case can be affirmed. Thank you. This is kind of a tricky case in that even if we agree with your position that he was originally sentenced to a felony, what the Superior Court judge did later seems inconsistent with his having previously judged a felony. And at least as I'm inclined to understand both California law and what the Superior Court judge did, if you're right that it was originally a sentence to a felony, he was incorrect as a matter of California law in allowing the early release. So even if you win on that felony argument, nonetheless, there's something a little squirrely that went on in the Superior Court. And as I read what Judge Reed said below, that was rather his view as to what happened. If Judge Reed were freed from the guidelines, and so he didn't have to categorize this yes or no, a felony, and then come within the guidelines, but he could treat the behavior of the Superior Court judge as in some sense ambiguous, how do we know that Judge Reed would have thought this sentence reasonable, given that he's no longer confined by the strict letter of the guidelines? After practicing in front of Judge Reed for a number of years, one of the things that he does invariably in every case is go through the factors that this will serve the purpose of rehabilitation, provide deterrence to others, et cetera, the factors that were actually listed in Booker that come out of the statute. Once again, speaking from personal experience, if there's a fairer judge than Judge Reed, I've yet to run across him as far as thinking through everything and following the law the way he sees it. I don't really like to get into discussing the personalities and characteristics of individual judges, but I will make an exception in this case and will say that I think very highly of Judge Reed. But that's not my question. As a practical matter, I think what the Court is suggesting here is that the defendant be allowed, in those circumstances, to make a collateral attack on an underlying California conviction, claiming that it wasn't even a conviction, only a misdemeanor, something they waived the first time around. And I think at this particular point ---- If we were to agree with you on the merits of this felony question, but nonetheless Mr. Luna's lawyer sought a remand for resentencing, would you object to such a remand? That is to say, with the explicit direction to Judge Reed, have another look at this and do whatever you think is reasonable. I would not agree or concede any remand, Your Honor, because the case was pretty much laid out below. Counsel didn't raise any of these issues and they're coming in a second time now. I think it was fair. I think it was appropriate. And I would not stipulate for remand. Okay. Thank you. Thank you for your help. Okay. My first point is that California courts do parole from CYA civil commitments. So, again, the government made a mistake in applying how Federal law works in parole and how California juvenile law works in parole are two different stories. So you can have a civil commitment who is released on parole. So it doesn't mean that the man has a felony. Second of all, I would have to say under Booker that this is going to have to be remanded. This court came out Friday with United States v. Ruiz Alonzo, and I'm sorry I don't have the site for you, but I don't have the copies because when I saw it, I was already at a computer that had no printer. But here's the number, number 03-50125. It came out February 11, 2005. It says, has to be remanded because you cannot say the judge would have imposed the same sentence under Booker. And that was Ninth Circuit panel on Friday that released that opinion and it's published. So, again, I have to ask you to look at not only Welfare and Institutions Code 1737, look at how this proceeded, look at California Penal Code 17C. Any way you look at it, this man, for some reason, I don't know what the judge saw, we don't have all the records, but there was something and he went ahead and made this a misdemeanor after originally sentencing him as a felony, and it can't come back as a felony now. It's too late. And if nobody has any other questions, I'm finished. Thank you very much. Thank you. But I'll be right back. Pardon? I'll be right back. You'll be right back. So will we. United States of America v. Luna is now submitted for decision.
judges: D.W. Nelson, W. Fletcher, Fisher